UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

BRYAN ABREU,

                        Plaintiff,                                    **COMPLAINT**

              v.

The City of New York; New York City                                  **ECF FILED CASE**
Police Department; DERMOT SHEA, individually
and as New York City Police Commissioner,
JOHN DOE 1, individually and as a police officer;                    **JURY TRIAL DEMANDED**
JOHN DOE 2, individually and as a police officer.

                        Defendants.
---------------------------------------------------------------x

        Plaintiff, Bryan Abreu, brings this action to redress violations of his civil, constitutional and

legal rights under the federal law, and alleges as follows:

## I. PRELIMINARY STATEMENT

        1.      This is a civil rights action in which Plaintiff seeks relief for the violation of

his civil rights secured by 42 U.S.C. §1983 and the United States Constitution including, without

limitation, the Fourth Amendment thereto. This case arises from a May 7, 2020, incident in which

members of the New York City Police Department subjected Plaintiff to unlawful and unreasonable

false arrest, false imprisonment and unlawful retaliation. Plaintiff seeks compensatory and punitive

damages, an award of costs and attorneys fees and such other and further relief as the Court deems

just and proper.

## II. JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment to the U.S. Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343, and the aforementioned statutory and constitutional provisions.

3.      Venue resides in the Southern District of New York under 28 U.S.C. §1391 because Defendants' offices are and/or were, located in the City of New York, County of New York and State of New York at the times said events took place in Manhattan in the City, County and State of New York.

### III. JURY DEMAND

4.      The Plaintiff demands that this case be tried by a jury.

### IV. THE PARTIES

5.      Plaintiff is, and at all times herein relevant was, a citizen of the United States residing in the City, County and State of New York.

6.      Defendant City of New York is and at all times herein relevant was a municipal corporation organized under the laws of the State of New York.

7.      Defendant New York City Police Department is, and at all times relevant herein was, a duly constituted department or agency of the Defendant City of New York charged with the responsibilities of law enforcement and maintaining public order and security and was and is the department or agency of the City of New York at which the law enforcement officers named as Defendants herein were employed at all relevant times.

8.      Defendant Dermot Shea, was at all times herein relevant the commissioner of and member of the Defendant New York City Police Department employed by the Defendant City of New York to perform police duties within the City of New York. At all relevant times, Defendant SHEA was acting in such capacity as an agent, servant and employee of the Defendant New York

City Police Department and Defendant City of New York and within the scope of his employment. Defendant Shea is named herein individually and in his official capacity.

9.     Defendant JOHN DOE 1 is, and at all times relevant herein was, a police officer employed by the Defendant New York City Police Department County to perform police duties within the City of New York. At all relevant times, Defendant JOHN DOE 1 was acting in such capacity as an agent, servant and employee of the Defendants City of New York and New York City Police Department and within the scope of his employment. Defendant JOHN DOE 1 is named herein individually and in his official capacity.

10.     Defendant JOHN DOE 2 is, and at all times relevant herein was, a police officer employed by the Defendant New York City Police Department County to perform police duties within the City of New York. At all relevant times, Defendant JOHN DOE 2 was acting in such capacity as an agent, servant and employee of the Defendants City of New York and New York City Police Department and within the scope of his employment. Defendant JOHN DOE 2 is named herein individually and in his official capacity.

## V. STATEMENT OF FACTS

11.     At all times herein mentioned, Plaintiff was a resident of the State of New York.

12.     On May 7, 2020, at approximately 6:05 p.m.  Plaintiff was returning home, having dropped his daughter off to her mother.

13.     Plaintiff, who is an African American, is and was 6'5" was wearing a hoodie and a facemask at that time.

14.     At that time, Plaintiff was heading to the bus stop located at 102nd Street in Manhattan to board the M11 bus.

15.     When plaintiff reached the bus stop, he boarded the bus and walked to the back of bus where he sat down.

16.     As the bus was pulling away from the curb, a black minivan sped in front of the bus and cut it off.

17.     Defendants JOHN DOE 1 and JOHN DOE 2, leapt out of the minivan and banged on the front window of the bus demanding to be allowed to board. At that time they did not identify themselves as police officers.

18.     When the bus driver opened the bus doors, JOHN DOE 1 boarded the bus and charged toward Plaintiff in an unduly hostile and aggressive manner.

19.     Defendants JOHN DOE 1 and JOHN DOE 2 were not wearing police uniforms or badges and did not identify themselves as police officers.

20.     As JOHN DOE 1 approached he said to Plaintiff in effect "Do us both a favor and give me your fucking I.D. right now."

21.     Plaintiff asked JOHN DOE 1 to identify himself and JOHN DOE 1 just shouted "give me your fucking I.D."

22.     Plaintiff informed JOHN DOE 1, that he was refusing to give him his identification.

23.     JOHN DOE 1 then told Plaintiff to "slip your fucking facemask off."

24.     Plaintiff complied and slipped his mask off, whereupon, JOHN DOE 1 turned and left the bus.

## AS AND FOR A
## FIRST CAUSE OF ACTION

### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FOURTH AMENDMENT TO THE THE UNITED STATES CONSTITUTION BY DEFENDANTS JOHN DOE 1 AND JOHN DOE 2

25.     Plaintiff reasserts and realleges paragraphs "1"through "24" with the same force and effect as if fully set forth herein at length.

26.     At all times relevant herein, Defendants JOHN DOE 1, and JOHN DOE 2 were acting under color of state law, which is under the color of the constitution, the statutes, ordinances, regulations, customs, usages, laws and rules of the State of New York, the City of New York and the New York City Police Department and/or the United States of America.

27.     Defendants JOHN DOE 1 and JOHN DOE 2 separately and in concert with each other, engaged in acts and omissions which constituted deprivation of Plaintiff's right to be free of unlawful seizures at the hands of law enforcement personnel.

28.     Defendants JOHN DOE 1 and  JOHN DOE 2 separately and in concert with each other, engaged in acts and omissions which constituted deprivation of Plaintiff's right to be free of unlawful imprisonment at the hands of law enforcement personnel.

29.     Defendants JOHN DOE 1 and JOHN DOE 2 separately and in concert with each other, engaged in acts and omissions which constituted deprivation of Plaintiff's right to be free from unreasonable searches at the hands of law enforcement personnel.

30.     All Defendants had the power and duty to protect Plaintiff's right to be free from unlawful detention and imprisonment under the Fourth Amendment to the United States Constitution and had the affirmative obligation to take reasonable steps to intervene, restrain and

prevent other Defendant Police Officers from violating Plaintiff's Fourth Amendment rights. Defendants JOHN DOE 2 failed and refused to perform that duty.

31.    The aforesaid conduct, to which the Defendants JOHN DOE 1 and JOHN DOE 2 subjected Plaintiff, violated and deprived Plaintiff of his rights, privileges and immunities under the Fourth Amendment to the United States Constitution.

32.    As a result of this deprivation of Plaintiff's rights, privileges and immunities, Plaintiff suffered physical harm, loss of liberty and freedom, employment opportunities, income, emotional distress, humiliation , embarrassment, and anxiety.

33.    By reason of the aforesaid, Plaintiff is entitled to full and fair compensatory and punitive damages to be determined by a jury.

**AS AND FOR A**
**SECOND CAUSE OF ACTION**

**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT**
**TO THE FOURTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
**BY DEFENDANTS SHEA, CITY OF NEW YORK AND**
**NEW YORK CITY POLICE DEPARTMENT**

34.    Plaintiff reasserts and realleges paragraphs "1" through "33" with the same force and effect as if fully set forth herein at length.

35.    At all times relevant herein, Defendant New York City Police Department was acting under color of state law, which is under the color of the constitution, the statutes, ordinances, regulations, customs, usages, laws and rules of the State of New York, the County of New York and/or the United States of America.

36.     The Defendant law enforcement officers named herein, separately and in concert with each other, engaged in acts and omissions which constituted deprivation of the rights, privileges and immunities of Plaintiff.

37.     Upon information and belief, Defendants City of New York, New York City Police Department and Shea were aware that one or more members of the New York City Police Department including one or more of the Defendant officers named herein have been the subject of claims of depriving residents and citizens of constitutional rights under the Fourth Amendment's prohibition against unreasonable searches and seizures and exercised deliberate indifference by failing to take remedial actions, investigate, train, retrain, supervise, discipline or monitor the officers.

38.     Upon information and belief, Defendants City of New York, New York City Police Department and Shea at all relevant times herein, have acted with a callous and deliberate indifference to Plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately investigate, discipline, sanction, train, supervise or otherwise direct police officers concerning the rights of citizens thereby causing and enabling the Defendant Police Officers to engage in the aforementioned conduct.

39.     Upon information and belief, Defendants City of New York, New York City Police Department and Shea at all relevant times herein, have acted with a callous and deliberate indifference to the rights of Plaintiff, and others similarly situated, under the Constitution and laws of the United States, in that they failed to establish fair and adequate procedures to identify, investigate and discipline acts of misconduct by New York City Police Department law enforcement officers.

40.     Defendant Shea, as Commissioner of the New York City Police Department, had the obligation to create and implement policies, practices and customs that would prevent or deter the use of excessive force by New York City police officers.

41.     At all times relevant herein, Defendants JOHN DOE 1 and JOHN DOE 2 were acting pursuant to the policies, practices and customs developed and implemented by Defendants City of New York, New York City Police Department and Shea.

42.     As a direct result of the failure of Defendants City of New York, New York City Police Department and Shea to implement adequate policies, practices and customs, and their failure to properly train, supervise, and discipline New York City Police Department personnel, the individual Defendants subjected Plaintiff to false arrest, unlawful imprisonment and unreasonable seizure, thus depriving Plaintiff of his rights, privileges and immunities under the Fourth Amendment to the United States Constitution.

43.     The violations of Plaintiff's civil and constitutional rights resulted directly from the policies, practices, customs, usages and climate created and promulgated by the Defendants City of New York, New York City Police Department and Shea.

44.     As a result of this deprivation of Plaintiff's rights, privileges and immunities, Plaintiff suffered physical harm, loss of liberty and freedom, employment opportunities, income, emotional distress, humiliation, embarrassment, and anxiety.

45.     By reason of the aforesaid, Plaintiff is entitled to full and fair compensatory and punitive damages to be determined by a jury.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.      That Plaintiff be awarded compensatory damages for violations of his Federal and New York State civil and constitutional rights in an amount to be determined by a jury; and,

B.      That Plaintiff be awarded punitive damages in an amount to be determined by a jury; and,

C.      That Plaintiff be awarded attorneys fees, costs and disbursements pursuant to 42 U.S.C. §1988; and,

D.      That Plaintiff be awarded such other and further relief as this Court deems just and equitable.

Dated:  White Plains, New York
        May 6, 2023


James M. Timko (JT                      Mayo Bartlett
TIMKO & MOSES, LLP                      Law Office of Mayo Bartlett
One North Broadway                      50 Main Street
Suite 412                               White Plains, NY 10606
White Plains, NY 10601                  914-224-3086
914-993-0600                            mgb@mayobartlett.com
jtimko@ktmlawfirm.com