```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRYAN ABREU,                                                :
                                                            :
                                    Plaintiff,              :
                                                            :      23-CV-3814 (VSB)
            -against-                                       :
                                                            :          ORDER
THE CITY OF NEW YORK, NEW YORK                              :
CITY POLICE DEPARTMENT, DERMOT                              :
SHEA, individually and as New York City                     :
Police Commissioner, John Doe 1, individually               :
and as a police officer, John Doe 2, individually           :
and as a police officer,                                    :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On August 11, 2023, I ordered Plaintiff to file a letter stating why this action should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m).  (Doc. 7.)  Plaintiff filed that letter on August 16, 2023, and as part of it, requested an extension of time to serve.  (Doc. 9.) The primary reasons Plaintiff cites for the failure to achieve service are law office failures, namely, the failure of staff to secure summonses, (*id.* 2), and medical issues with one of his firm's two attorneys, (*id.*).  As of this order, Plaintiff has yet to secure summonses.

Fed. R. Civ. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, "the court must extend the time for service for an appropriate period" if a plaintiff shows good cause.  *Id.*

"Good cause to excuse a failure to effect service exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances

beyond his control." *Benites v. New York Dep't of Corr. & Cmty. Supervision*, No. 21-CV-06863 (CM), 2023 WL 1966181, at *2 (S.D.N.Y. Feb. 13, 2023) (cleaned up). "A party seeking a good cause extension bears a heavy burden of proof." *Williams v. Vaccaro*, No. 119CV03548CMSDA, 2022 WL 2179726, at *3 (S.D.N.Y. June 1, 2022) (internal quotation marks omitted). "An attorney's inadvertence, neglect or mistake is not good cause." *Benites*, 2023 WL 1966181, at *2.

"A district court may [also] grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). In considering whether to grant such an extension, "courts typically consider four factors: (1) whether the applicable statute of limitations would bar [a] refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Benites*, 2023 WL 1966181, at *2 (internal quotation marks omitted).

Plaintiff does not attempt to show good cause, nor could he. The failure to even obtain summonses, much less achieve service on the City of New York in three months due to law office issues is not the kind of exceptional circumstance that shows good cause. Moreover, while counsel's medical issues are unfortunate, they do not explain why his firm was unable to even procure summonses in three months or why counsel was unable to enlist the aid of a process server or contract counsel to assist in the task of service. *See, e.g.*, *Esqueda v. NYU Langone Hosps.*, No. 20-CV-6697 (VSB), 2021 WL 4340731, at *2 (S.D.N.Y. Sept. 23, 2021) (finding that generalized assertions of medical issues not sufficient to show good cause). Thus, I do not find that good cause exists.

However, extending the time for service is an appropriate exercise of discretion. The

statute of limitations on Plaintiff's claims ran on May 7, 2023, and Defendant City of New York is not only aware of Plaintiff's claims, but has already taken some discovery, including the Plaintiff's deposition. (Doc. 9 at 1–2.) The fact that a plaintiff's claims will be barred if the case is dismissed weighs in favor of granting an extension. *Purzak v. Long Island Hous. Servs., Inc.*, No. 12-CV-1747, 2013 WL 5202711, at *5 (E.D.N.Y. Sept. 13, 2013). Similarly, the fact that Defendant New York City has taken discovery from Plaintiff suggests that it has actual notice of the claim and will not be prejudiced by the delay in service, both factors that weigh in favor of an extension. The final factor, concealment of service defects, is not an issue here.

Because three of the four factors set out in *Benites*, 2023 WL 1966181, at *2, support the discretionary grant of an extension of the time to serve, Plaintiff's motion is GRANTED. Plaintiff has not proposed a date for service. Accordingly, Plaintiff shall file affidavits providing service on the City of New York by October 17, 2023. Service will otherwise comply with Local Civil Rule 83.10's rules for service in § 1983 actions involving the New York City Police Department. As I did not find good cause for the failure to serve, I do not expect to grant further extensions of the time for service.

SO ORDERED.

Dated: August 17, 2023
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge